IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 12-cv-01477-PAB-BNB

HEATHER BOURNE,

      Plaintiff,

v.

EXEMPLA, INC., d/b/a Exempla Lutheran Medical Center,

      Defendant.

---

## ORDER

---

      This matter is before the Court on the Motion to Dismiss [Docket No. 20] filed by defendant Exempla, Inc.

## I.  BACKGROUND

      This case arises out of plaintiff Heather Bourne's employment with Exempla. The following allegations are drawn from Ms. Bourne's Amended Complaint [Docket No. 18] and are taken as true.  Ms. Bourne is a certified nursing assistant who worked for Exempla from September 2007 until her termination on July 21, 2011.  Ms. Bourne suffers from nephrolithiasis, a chronic condition of recurring kidney stones.  Docket No. 18 at 2, ¶ 5.  Ms. Bourne's nephrolithiasis recurs several times a year with each incident lasting several days, during which time Ms. Bourne can neither lift objects nor walk.  *Id*. Ms. Bourne alleges that her nephrolithiasis qualifies as a disability under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq*., because it substantially affects some of her major life activities.  *Id*. at ¶ 6.

In December 2009, while still an Exempla employee, Ms. Bourne applied for and was granted leave pursuant to the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*, because of her nephrolithiasis.  Docket No. 18 at 2, ¶ 5.  Pursuant to the approved leave, Ms. Bourne could take intermittent FMLA leave between December 12, 2009 and December 11, 2010 without formally qualifying for FMLA leave for each absence.  *Id.* at ¶ 5; *see also* 29 U.S.C. § 2612(b)(1).  Notwithstanding the rolling leave year,[1] Exempla required that Ms. Bourne provide an updated Certification of Health Care Provider form ("CHCP") in support of some of her leave requests.[2]  Docket No. 18 at 2, ¶ 7.  Between December 2009 and December 2010, Ms. Bourne periodically used her FMLA leave due to recurrences of her nephrolithiasis.  *Id.* at ¶¶ 8-9.  When her rolling leave year ended on December 11, 2010, Exempla did not notify her that she was no longer an eligible employee and did not request that she re-apply for another rolling leave year pursuant to the FMLA.[3]  *Id.* at 3, ¶ 11.

On December 20, 2010, Ms. Bourne told her supervisor that she needed to take FMLA leave because of her nephrolithiasis, which request was granted.  *Id.* at ¶ 12.

---

[1]Pursuant to the FMLA, leave may be taken intermittently when "medically necessary."  29 U.S.C. § 2612(b)(1).  For employees taking intermittent leave, employers are permitted to chose several methods to determine when an employee's 12-month leave period begins.  29 C.F.R. § 825.200(b).  Under a "rolling" 12-month calendar year, an employee's leave year is measured backwards from the date an employee uses any FMLA leave.  29 C.F.R. § 825.200(b)(4).

[2]The employer may require that an eligible employee obtain subsequent recertification on a reasonable basis.  29 U.S.C. § 2613(e).

[3]To qualify as an "eligible employee" under the FMLA, an employee must have been employed by the employer for at least twelve months and have at least 1,250 hours of service with the employer for the previous twelve months before a leave request is made.  29 U.S.C. § 2611(2)(A).

Exempla did not ask that she reapply for rolling leave in 2011 or inform her at that time that she was no longer an eligible employee under the FMLA.  *Id*.  In addition to the FMLA leave granted on December 20, 2010, Ms. Bourne requested and was granted FMLA leave on thirteen additional occasions between January and May 2011.  *Id*. at 4, ¶ 15.  Ms. Bourne states that, on December 20, 2010, she "had [accrued] the required 1,250 hours to be an eligible [employee under the FMLA] or was close to that number of hours."  *Id*. at 3, ¶ 12.  She further states that "[i]n the event that in December, 2010, she did not have the required 1,250 hours to qualify as an eligible employee, she would have worked additional shifts to reach the minimum hours to qualify."  *Id*. at ¶ 13.

In March 2011, Ms. Bourne discussed with Exempla possibly taking maternity leave at some time in the future.  *Id*. at 4, ¶ 16.  During these discussions, Exempla informed Ms. Bourne that her FMLA rolling leave year had expired on December 11, 2010.  *Id*.  Exempla did not notify her that, in addition to her rolling leave year coming to a close, she did not qualify as an eligible employee.  *Id*.  Similarly, in April 2011, when Exempla informed Ms. Bourne that it had not received her doctor's CHCP form, it again did not notify her that she did not qualify as an eligible employee.  *Id*. at ¶ 17.

On May 23, 2011, Exempla's Employee Occupational Health Services Department ("OCC") informed Ms. Bourne that she was not eligible for FMLA maternity leave in the future because she did not qualify as an eligible employee.  *Id*. at ¶ 18.  Ms. Bourne, however, still believed that her FMLA leave for her nephrolithiasis was not affected.  *Id*.  In June 2011, because Ms. Bourne sought FMLA leave for her nephrolithiasis, she hand-delivered her doctor's CHCP form to the OCC.  *Id*. at 5, ¶ 19.

3

However, OCC employees told Ms. Bourne that she was not an eligible employee for FMLA leave because, in the twelve months preceding June 2011, she was 30 hours short of the required 1,250 service hours. *Id*. The OCC employees also advised Ms. Bourne that she had not worked the requisite number of hours to qualify for FMLA leave for the months of March and April 2011. [4] *Id*. at ¶ 20. On July 21, 2011, Exempla terminated Ms. Bourne's employment because of accumulated absences. *Id*. at 6, ¶ 23.

As a result of her termination, Ms. Bourne filed a charge of discrimination with the Equal Employment Opportunity Commission and received a right to sue letter on April 3, 2012. *Id*. at 1-2, ¶ 4. On June 6, 2012, she filed this action against Exempla alleging that it interfered with her rights in violation of the FMLA and failed to reasonably accommodate her disability in violation of the ADA. *See* Docket Nos. 1, 18. On August 17, 2012, Exempla filed the present motion to dismiss both of Ms. Bourne's claims for relief. *See* Docket No. 20.

## II.  STANDARD OF REVIEW

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's Complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc*., 336 F.3d 1194, 1201 (10th Cir. 2003) (citations omitted). In so doing, the Court "must accept all the well-pleaded allegations of the complaint as true and

---

[4] Between March 1, 2010 and April 30, 2011, plaintiff worked 1,247.25 hours. Docket No. 18 at 5, ¶ 20. Between March 15, 2010 and March 14, 2011, plaintiff worked 1,242.25 hours. *Id*.

4

must construe them in the light most favorable to the plaintiff." *Alvarado v. KOB-TV, LLC*, 493 F.3d 1210, 1215 (10th Cir. 2007) (quotation marks and citation omitted).  At the same time, however, a court need not accept conclusory allegations. *Moffett v. Halliburton Energy Servs*., Inc., 291 F.3d 1227, 1232 (10th Cir. 2002).

Generally, "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (omission marks, internal quotation marks, and citation omitted).  The "plausibility" standard requires that relief must plausibly follow from the facts alleged, not that the facts themselves be plausible. *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008).  However, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (internal quotation marks and alteration marks omitted).

## III. ANALYSIS

### A.   Family Medical Leave Act

The FMLA provides that eligible employees of certain employers[5] have the right to take unpaid medical leave for up to twelve work weeks in a twelve month period for a qualifying serious heath condition. *See* 29 U.S.C. § 2612(a)(1).  When a plaintiff alleges a violation of the FMLA, courts have recognized two theories of recovery: "the retaliation or discrimination theory and the entitlement or interference theory." *Smith v.*

---

[5]There is no dispute that Exempla qualifies as an employer under the FMLA. *See* 29 U.S.C. § 2611(4).

*Diffee Ford-Lincoln-Mercury, Inc.*, 298 F.3d 955, 960 (10th Cir. 2002).  Ms. Bourne relies on the interference theory, which makes it "unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under" the FMLA.  29 U.S.C. § 2615(a)(1).  To state an FMLA interference claim, Ms. Bourne must show that: (1) she was eligible for FMLA leave; (2) defendant took an adverse action which interfered with her right to take such leave; and (3) the adverse action was related to the exercise or related exercise of her FMLA rights.  *DeFreitas v. Horizon Inv. Mgmt. Corp.*, 577 F.3d 1151, 1159 (10th Cir. 2009).  Under this theory, "a denial, interference, or restraint of FMLA rights is a violation regardless of the employer's intent."  *Id*.

Exempla argues that Ms. Bourne did not qualify for FMLA leave because she: (1) does not allege that she worked the requisite number of service hours; and (2) failed to follow Exempla's customary FMLA request procedures and, therefore, Exempla had no duty to give her notice that she was not eligible for FMLA benefits before June 2011. Docket No. 20 at 5-10.  The Court addresses these arguments in turn.

### 1.  *Eligibility for FMLA Benefits*

In her amended complaint, Ms. Bourne alleges that, on December 20, 2010, she "had the required 1,250 hours to be an eligible FMLA employee or was close to that number of hours."  Docket No. 18 at 3, ¶ 12.  The December 20, 2010 date is important for Ms. Bourne's FMLA claim.  She alleges that, if she "had been qualified under the FMLA on December 20, 2010, she would not have used the allotted 480 hours of FMLA leave from December 20, 2010, through July 21, 2011, and, therefore, she would have

6

had sufficient FMLA leave to excuse the absences upon which her termination was based." *Id*. at 6, ¶ 24.  Exempla argues that Ms. Bourne fails to sufficiently allege that she accrued the requisite 1,250 service hours in the twelve months before her FMLA leave request of December 20, 2010.  Docket No. 20 at 5-6.  The Court disagrees.

To survive a motion to dismiss, Ms. Bourne need only allege "factual content that allows the court to draw the reasonable inference" that relief will follow from the facts as pled. *Iqbal*, 556 U.S. at 678.  Plaintiff's allegation that she was "close" to 1250 hours is not sufficient to prove eligibility on December 20, 2010; however, the preceding allegation states that she "had the required 1,250 hours."  Docket No. 18 at 3, ¶ 12. This allegation is not implausible.  Plaintiff qualified as of December 2009 and fell just short of qualifying in March and April 2011.[6]  To the extent Exempla challenges Ms. Bourne's allegation that she actually worked 1,250 service hours in the twelve months preceding December 2010, this argument raises a question of fact which is inappropriate for resolution in a motion to dismiss.

### 2.  *Adequate Notice*

Plaintiff does not deny that in March and April 2011 she did not work 1,250 service hours in the preceding twelve-month period.  She argues, however, that her FMLA claim is not subject to dismissal for this time period because she would have worked additional hours to become eligible if Exempla had followed the FMLA's notice

---

[6]To the extent Exempla relies on *Knapp v. Am. W. Airlines*, 207 F. App'x 896 (10th Cir. 2006), the Court finds this case inapposite.  The question before the court in *Knapp* was whether a pilot's reserve duty hours qualified as hours of service under the FMLA.  *Id*. at 898.  Unlike this case, *Knapp* presented a legal question with regard to which hours could count as service hours and not a factual question about how many hours the plaintiff actually worked.  *See id*.

requirements.  Docket No. 18 at 3, ¶ 12-13.  Plaintiff argues that defendant's failure to

give her notice that she was not an eligible employee between December 2010 and

March 2011 constitutes an interference with the exercise of her FMLA rights.  *Id*. at 6,

¶ 25.  Specifically, plaintiff claims that, because her requests for FMLA leave between

December 2010 and March 2011 placed Exempla on notice of her intent to take FMLA

leave, Exempla had a legal duty to notify her of her eligibility within five days.  *See* 29

C.F.R. § 825.300(b)(1) ("When an employee requests FMLA leave, or when the

employer acquires knowledge that an employee's leave may be for an FMLA-qualifying

reason, the employer must notify the employee of the employee's eligibility to take

FMLA leave within five business days").  Plaintiff further contends that, because she did

not know that she was not an eligible employee, she relied on Exempla's continued

approval of her FMLA leave requests to her detriment.  Docket No. 18 at 3, ¶ 14.

In response, Exempla argues that Ms. Bourne failed to follow proper procedures

for making her requests between December 20, 2010 and April 2011 and, as a result,

was not entitled to notice.  Docket No. 20 at 7.  Exempla states that its customary

procedures require that an employee provide the OCC with a completed Leave of

Absence Request form and a CHCP form when requesting FMLA leave.  Docket Nos.

20-1, 20-2.[7]  Exempla argues that Ms. Bourne's complaint shows that she failed to

---

[7]Despite the fact that Exempla attached a completed leave of absence request
form and a CHCP form to its motion to dismiss, Ms. Bourne has not objected to them or
disputed Exempla's characterization that they are central to her FMLA claim.
Therefore, the Court will consider the exhibits attached to defendant's motion to dismiss
without converting this motion into a motion for summary judgment.  *See Gee v.
Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010) (providing that when resolving a motion
to dismiss pursuant to Rule 12(b)(6) a court may consider, in addition to the allegations
of the complaint, "(1) documents that the complaint incorporates by reference, (2)

follow Exempla's customary procedures because she requested leave from her supervisor instead of completing a Leave of Absence Request form.  Docket No. 20 at 8.

Exempla's allegation that Ms. Bourne failed to comply with its procedures for making an FMLA claim does not constitute a proper basis to dismiss her claim.  While it is true that the employer "may require an employee to comply with the employer's usual and customary notice and procedural requirements for requesting leave, absent unusual circumstances," 29 C.F.R. § 825.302(d), the amended complaint alleges that plaintiff told her supervisor that she requested FMLA leave on December 20, 2010 and the "request was granted."  Docket No. 18 at 3, ¶ 12.  Thus, regardless of what the proper request procedure was, the complaint indicates that defendant accepted the FMLA request.  In light of Exempla accepting plaintiff's request, defendant cannot establish that it did not have notice of plaintiff's December 20, 2010 FMLA request.  Similarly, Ms. Bourne alleges that she was granted FMLA leave in December 2010 and thirteen times between January 2011 and May 2011.  Exempla does not explain how it did not "acquire knowledge" that Ms. Bourne was requesting FMLA leave when it granted her FMLA leave requests between December 2010 and May 2011.  *See* 29 C.F.R. § 825.300(b)(1).  Although some courts have found that failure to follow an employer's customary FMLA notice procedures prevented the employer from acquiring knowledge of an employee's intent to take FMLA leave, *see, e.g., Satterlee v. Allen*

---

'documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity,' and (3) 'matters of which a court may take judicial notice.'") (citations omitted).

*Press, Inc.*, 443 F. Supp. 2d 1236, 1244 (D. Kan. 2006) (granting summary judgment because plaintiff failed to give defendant notice of use of FMLA because she did not fill out defendant's leave of absence form), taking plaintiff's allegations as true, this is not such a case.

Based upon Ms. Bourne's allegations, the Court finds that she has sufficiently alleged that (a) she gave Exempla notice of her intent to take FMLA leave in December 2010 and (b) Exempla interfered with her FMLA rights when it did not disclose whether she was an eligible employee within five days.  Accordingly, the Court will deny Exempla's motion to dismiss Ms. Bourne's claim of FMLA interference.

**B.   Americans with Disabilities Act**

The ADA prohibits discrimination against a "qualified individual" with a disability on the basis of that disability.  42 U.S.C. § 12112(a).  Discrimination under the ADA includes failing to make "reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability."  *Valdez v. McGill*, 462 F. App'x 814, 817 (10th Cir. 2012) (quoting 42 U.S.C. § 12112(b)(5)(A)).

Ms. Bourne's ADA claim is based on the following theory: Exempla could have reasonably accommodated her under the ADA by providing her "with approximately the same number of leave days in 2011 that she took in 2010, given that the hospital was not unreasonably burdened with her absences in 2010.  Had she been [ ] accommodated with such a modified schedule, she could have continued working for the hospital. . . ."  Docket No. 18 at 8, ¶ 31.  Plaintiff admits that she did not make a request for accommodation under the ADA, *id.* at 7-8, ¶ 30; rather, she claims that

"because the hospital failed to requalify her for FMLA leave in December, 2010, or, in the alternative, did not tell her that she did not qualify for leave under the FMLA," *id.*, Exempla is "estopped from claiming that Ms. Bourne did not specifically ask for an accommodation under the ADA." *Id.*

In order to trigger an employer's duty to accommodate a qualifying disability under the ADA, "the employee must make an adequate request, thereby putting the employer on notice." *E.E.O.C. v. C.R. England, Inc.*, 644 F.3d 1028, 1049 (10th Cir. 2011). The notice or request need not be in writing or formally invoke the words "reasonable accommodation." *Id.* Moreover, in *C.R. England*, *id.*, and *Smith v. Midland Brake, Inc.*, 180 F.3d 1154, 1172 (10th Cir. 1999), the Tenth Circuit cited favorably EEOC guidelines which state that the employee does not need to even mention the ADA. *See* Enforcement Guidance: Reasonable Accommodation and Undue Hardship Under the Americans with Disabilities Act, 1999 WL 33305876, at *4 (Mar. 1, 1999)[8] ("When an individual decides to request accommodation, the individual . . . must let the employer know that s/he needs an adjustment or change at work for a reason related to a medical condition. To request accommodation, an individual may use 'plain English' and need not mention the ADA or use the phrase 'reasonable accommodation'").

Exempla's motion to dismiss Ms. Bourne's ADA claim is based on two arguments. First, defendant claims that plaintiff's ADA claim should be dismissed because she never made a request for accommodation under the ADA. Ms. Bourne

---

[8]The Enforcement Guidance on Reasonable Accommodation and Undue Hardship Under the Americans with Disabilities Act was updated on October 17, 2002. *See* 2002 WL 31994335. The quoted portion above, however, remains the same. *See id.* at *4.

admits that fact in her complaint, but bases her ADA claim on an equitable estoppel theory, as noted above.  While some of the arguments in plaintiff's response brief seem inconsistent with the estoppel theory in the complaint, the Court is unwilling to attempt to reconcile the theory given that Exempla fails to address the estoppel theory in its motion and reply.  The Tenth Circuit has not decided whether equitable estoppel applies in the FMLA context.  *See Banks v. Armed Forces Bank*, 126 F. App'x 905, 906-07 (10th Cir. 2005).  However, under certain circumstances, other courts have applied equitable estoppel against employers who fail to comply with the FMLA.  *See, e.g., Kosakow v. New Rochelle Radiology Assoc., P.C.*, 274 F.3d 706, 723 (2d Cir. 2001). Equitable estoppel may be similarly available in the ADA context under certain circumstances.  Because Exempla provides no arguments suggesting that plaintiff's allegations regarding equitable estoppel are deficient, Exempla's argument that plaintiff never made an ADA request fails.

Second, Exempla argues that the accommodation plaintiff identifies as reasonable, a modified work schedule with a limited number of additional leave days, is unreasonable as a matter of law.  Docket No. 20 at 14-15.  However, Exempla does not identify any authority in support of that particular accommodation, but instead relies on general propositions about the importance of regular attendance.  Factual issues inherent in such an inquiry preclude dismissal on this ground.

## IV.  CONCLUSION

For the foregoing reasons, it is

**ORDERED** that the Motion to Dismiss Amended Complaint and Jury Demand

[Docket No. 20] is **DENIED**.  It is further

**ORDERED** that plaintiff's Amended Motion to Dismiss as Moot the Pending

Motion to Dismiss [Docket No. 37] is **DENIED**.

DATED March 27, 2013.

BY THE COURT:

 s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge